OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, granting a motion to substitute entry on the verdict filed by defendants-appellees, King Tool Manufacturing, et al., and thereby eliminating a jury verdict awarding damages to plaintiff-appellant, Kenneth J. Allan.
On March 3, 1994, a multi-vehicle accident occurred on Interstate Route 80, in Austintown Township. Appellant was operating his vehicle in the passing lane heading in a westbound direction and Craig Womack (Womack) was operating a flat bed truck for his employer, King Tool Manufacturing, in the driving lane, also heading westbound. Womack apparently discovered that he was heading in the wrong direction and decided to make a u-turn across the emergency vehicle strip in the median. Womack slowed down, allegedly turned on his turn signal and crossed from the driving lane into the passing lane. Womack turned onto the strip in the median, causing appellant to slam on his brakes and pull into the driving lane to avoid striking the rear end of Womack's vehicle.
Appellant successfully averted Womack's vehicle, but another vehicle driven by Edward L. Eggeman (Eggeman), which was directly behind appellant's vehicle, struck appellant thereby propelling appellant's vehicle into the driving lane. Scott Katsaras (Katsaras), who was driving directly behind Eggeman, saw the accident unfold in front of him and swerved to avoid the accident. Katsaras was unsuccessful at avoiding the accident as he struck appellant's vehicle from behind as well.
Eggeman's insurance company settled with appellant before appellant filed his lawsuit, agreeing to pay appellant $6,000.00 in consideration of appellant's agreement not to bring a lawsuit against Eggeman. Appellant thereafter filed a complaint against Womack, King Tool Manufacturing, and Katsaras. Pantelis Kolidakis (Kolidakis), a passenger in Katsaras' vehicle, also filed a lawsuit against Womack, King Tool Manufacturing, Eggeman, Katsaras and appellant. The two cases were ultimately consolidated for trial.
During the trial, appellant entered into a settlement agreement with Katsaras, whereby appellant was paid $6,000.00 in consideration for dismissing his complaint against Katsaras. After this settlement, only Womack and King Tool Manufacturing remained parties in this matter. Kolidakis voluntarily dismissed his claim against appellant, leaving Womack, King Tool Manufacturing, Eggeman, and Katsaras as parties to Kolidakis' claim.
Both appellant's and Kolidakis' claims were submitted to the jury and the jury ultimately awarded total damages to appellant in the amount of $12,405.00. The jury then responded to the trial court's interrogatories, finding that appellant was forty percent contributorily negligent and Womack was sixty percent contributorily negligent. The trial court adjusted the total damage award accordingly and entered judgment in favor of appellant in the amount of $7,443.00.
Thereafter, pursuant to R.C. 2307.32, Womack and King Tool Manufacturing filed a joint motion to substitute entry on the verdict, arguing that they were entitled to a set-off for any amounts collected by appellant from the settlements which he reached with Eggeman and Katsaras. The trial court considered the matter and determined that Womack and King Tool Manufacturing were entitled to this set-off. The trial court found that since appellant's settlements with other parties totaled $12,000.00, and the damages awarded to appellant via trial were $7,443.00, there was a complete set-off and appellant was not entitled to any more money. Therefore, Womack and King Tool Manufacturing (hereinafter collectively known as appellees) did not have to pay appellant for any of the damages for which they were found liable. This appeal followed.
Appellant sets forth two assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The Trial Court committed reversible error when it granted a "set-off' of a jury verdict based upon an earlier settlement entered into; and where there was no evidence that the earlier settling parties were "liable in tort'."
Appellant argues that the trial court erred when it permitted appellees to set-off his $6,000.00 settlement with Eggeman and his $6,000.00 settlement with Katsaras, thereby eliminating the entire jury award of $7,443.00. Appellant does not claim that the jury instructions were erroneous, but instead argues that this set-off amounted to a misapplication of R.C. 2307.32.
In Fidelholtz v. Peller (1998), 81 Ohio St.3d 197, 201- 203, the Ohio Supreme Court held:
 "Defendants settle for many reasons, such as the avoidance of bad publicity and litigation costs, the possibility of an adverse verdict, and the maintenance of favorable commercial relationships.
"* * *
 "* * * former R.C. 2307.32 (F) (now R.C. 2307.33[F]) entitles a defendant to set off from a judgment funds received by a plaintiff pursuant to a settlement agreement with a co-defendant where there is a determination that the settling co-defendant is a person "liable in tort.' A person is "liable in tort' when he or she acted tortiously and thereby caused harm. The determination may be a jury finding, a judicial adjudication, stipulations of the parties, or the release language itself."
In Howard v. Seidler (1996), 116 Ohio App.3d 800, this court held that a party is not entitled to a set-off when a danger of a double recovery is not present. This court further held that a danger of a double recovery is not present when the trial court instructs the jury to determine the total amount of damage caused by the defendants presently before it. Howard, supra.
In the present case, the trial court instructed the jury regarding its determination of damages, stating:
 "A party, ladies and gentlemen, may bring an action and obtain a judgment against more than one wrongdoer for his damage. Irrepresentative of the number of defendants, however, the plaintiff may only receive full compensation once for the same injury.
 "Therefore, in the event you find for the plaintiff, Kenneth Allan, you will determine the full extent of the Plaintiff Allan's damage. You will determine the full amount — full amount now — which the evidence shows he is justly entitled to receive. From this the Court will deduct any money he previously received and insert the difference in your verdict. See that? Total, full amount of damages. I'll take care of whatever has been received. You don't deduct for that. I do." (Tr. 24)
In the case at bar, appellant settled with Eggeman before filing his complaint, and there was never a stipulation nor a jury finding that Eggeman was liable in tort for causing appellant's damages. Furthermore, although the trial court gave an instruction for the jury to determine the total award, Eggeman was never a party to the complaint. The total damages awarded to appellant, which were later subject to the set-off, did not include any damages for which Eggeman was liable, and the danger of double recovery was not present. Therefore, the $6,000.00 obtained through this settlement agreement from Eggeman should not have been set-off against the damages awarded to appellant against appellees. Fidelholtz, supra; Seidler, supra.
Furthermore, appellees were not entitled to set-off the amount appellant collected pursuant to his settlement agreement with Katsaras. Although Katsaras was named in the complaint and was possibly before the trial court at some point before the court instructed the jury to determine the total damages, the jury never made a determination that Katsaras was liable in tort. The jury did not find Katsaras to be contributorily negligent, as the jury interrogatories only stated that appellant was forty percent contributorily negligent and that appellees were sixty percent contributorily negligent. The record was also void of any stipulations or other evidence demonstrating that Katsaras was liable in tort. Therefore, Katsaras was not found to be liable in tort and the trial court erred when it set-off the $6,000.00 collected pursuant to the settlement agreement reached between appellant and Katsaras against the total jury award. Fidelholtz,supra.
Appellant's first assignment of error is found to be with merit.
Appellant's second assignment of error alleges:
 "The Trial Court committed reversible error when it refused to grant pre-judgment interest in a tort claim when the record failed to demonstrate any evidence of a legitimate offer of settlement."
In Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, the Ohio Supreme Court set forth the procedure for a trial court to follow in considering a motion for prejudgment interest, stating that the trial court, "* * * must find that the party required to pay the judgment failed to make a good faith effort to settle and, * * * the court must find that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case." Additionally, the burden is on the moving party to put forth evidence demonstrating bad faith in settling, and the trial court's finding is reviewed on an abuse of discretion basis. Moskovitz, supra.
In Loder v. Burger (1996), Ohio App.3d 669, 675, the court provided further guidance in determining whether a trial court correctly grants a motion for prejudgment interest, stating:
 "A party holding an objectively unreasonable belief in nonliability is not excused from the obligation to enter into settlement negotiations, and cannot insulate himself from liability for prejudgment interest by relying on his own naivete. See Ziegler v. Wendel Poultry Serv., Inc. (1993), 67 Ohio St.3d 10, 20, 615 N.E.2d 1022, 1031-1032 (party whose belief in nonliability was unreasonable was held liable for prejudgment interest)."
In the present case, appellant made a conclusory argument whereby he maintained that appellees were the only tortfeasors that did not make a good faith effort to settle this matter. The only evidence regarding the prejudgment interest was two affidavits. The first affidavit submitted by appellant was a statement from his attorney stating that appellees did not attempt to settle the matter. In contrast, the second affidavit was submitted by appellees and constituted a statement from appellees' attorney stating that appellees offered a $3,000.00 settlement, but that appellant indicated he would not accept any settlement less than $36,000.00. Appellant has failed to provide any other evidence indicating which affidavit was correct. Furthermore, appellees had a good faith belief that the complaint was defensible, which was supported by the fact that the jury found appellees were only sixty percent contributorily negligent, and that appellant was forty percent contributorily negligent. Therefore, appellant did not meet his burden of proof in establishing that appellees failed to make a good faith effort to settle and the trial court did not abuse its discretion in denying the motion for prejudgment interest. Moskovitz, supra;Loder, supra.
Appellant's second assignment of error is found to be without merit.
The judgment of the trial court is affirmed in part and reversed in part and this cause is remanded for further proceedings according to the law and consistent with this opinion.
Vukovich, J., concurs.
Waite, J., concurs.
 APPROVED: ____________________________ EDWARD A. COX, PRESIDING JUDGE